PEDRO ESCUDERO, Petitioner, *v.* DISTRICT COURT OF ARECIBO, HON. ANTONIO LENS CUENA, JUDGE, Respondent; MANATÍ PACKING COMPANY, Intervener.

No. 1799.    Argued May 12, 1949.—Decided May 26, 1949.

*Diego E. Ramos* for petitioner.    *James R. Beverley, José López Baralt,* and *Iván Reichard* for intervener, plaintiff in the main action.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

The question to be decided in this appeal is whether the provision of § 12(*b*) of the Reasonable Rents Act, as amended by Act No. 24 of August 21, 1948 (6th, 7th and 8th Special Sessions, 1948, (p. 238))[1] to the effect that an action of unlawful detainer may not be filed unless the tenant be notified not less than six months in advance of the plaintiff's

---

[1] Section 12(*b*), as amended, provides insofar as pertinent:

"In any other case in which unlawful detainer proceedings may be prosecuted under insular or federal legislation, the plaintiff may not file his action until after he has served on the tenant not less than six months in advance of the date of the filing of said unlawful detainer action, authentic written notice of his intention to recover the property."

intention to recover the property, is applicable to the unlawful detainer proceeding allowed under § 1477 of the Civil Code.[2]

The petitioner worked in the Manatí Packing Company under a contract of services for $30 weekly. By reason of this contract, the petitioner occupied as his dwelling, a house belonging to his employer without paying any rental whatsoever. The petitioner was discharged from his employment and having refused to leave the house to the free disposal of his employer so that it could be occupied by his successor in the employment, the employer filed this action of unlawful detainer in the lower court under § 1477 of the Civil Code. The defendant accepted the allegations of the complaint, but alleged that the court lacked jurisdiction to take cognizance of the case because he had not been notified six months in advance of plaintiff's intention to recover possession of the premises as provided by § 12 (b) of the Reasonable Rents Act. The court ordered the eviction of the defendant who filed this petition for certiorari.

██ Since this is a question novel in our jurisdiction we issued the writ. This case does not fall within the purview of the Reasonable Rents Act. This is an emergency legislation, applicable exclusively to property in the rental market. Its main purpose is to protect the tenants against those landlords, who taking advantage of the dwelling shortage unreasonably increase the rent or resort to other practices of speculation. However, in the present case the dwelling involved is not in the rental market. The petitioner was occupying it as an incident to his employment and on ceasing the principal, that is, the contract of services, the accessory, which was the right to live in the house, ceased with the principal. This case is similar to that of the

---

[2] Section 1477 of the Civil Code provides:

"The dismissal of field hands, mechanics, artisans and other hired laborers to which the preceding sections refer, gives the right to dispossess them of all tools and buildings which they may occupy under the contract."

domestic servant who by reason of his employment receives room and board in the house of his employer. Upon being discharged, the servant must vacate the quarters which he occupies in the premises of his employer in order that it may be occupied by his successor.

The writ issued will be annulled and the case remanded to the lower court for further proceedings not inconsistent with this opinion.